UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| GOVERNMENT EMPLOYEES INSURANCE COMPANY, et al.,<br><br>      *Plaintiffs,*<br><br>  v.<br><br>BHARGAV PATEL, M.D., et al.,<br>      *Defendants,* | Index No. 23-cv-2835<br><br>**ANSWER** |

  Defendants Bhargav Patel, M.D., and Patel Medical Care, P.C. answer the Plaintiffs' Complaint as follows;

1. Deny each and every allegation of wrongdoing against or involving Bhargav Patel, M.D., or Patel Medical Care, P.C., in paragraphs 1-9, 11, 13, 35-48, 50-59, 6177, 80-92, 94-97, 156, 157, 161-64, 173-201, 207-13, 216-21, 228-31, 235- 46, 253, 254, 258-67, 269-77, 279-85, 287-92, 294-99, 301-306, and 308-312. Defendants named herein also deny all allegations in the paragraphs labeled as A through E at the end of the Complaint.

2.  Deny knowledge and information sufficient as to form a belief as to the allegations contained in the paragraphs designated as 10, 60, 78, 79, 93, 98, 101-104, 108-110, 115, 116, 126, 133-35, 154, 155, 158-60, 170, 202, 204-206, 215, 222-227, 234, and 247-52.

3.  Deny any knowledge sufficient to form a belief as to each and every allegation contained in the paragraphs designated as 14-34, 171, 172, 232, 233, 255-57, 268, and 313, as said allegations are conclusions of law or requests to the Court, and as such are respectfully referred to the Court.

4.  Reiterate respective responses set forth herein as to the allegations contained by incorporation in paragraphs designated as 278, 286, 293, 300, and 307.

5.  Admit the facts averred, while denying any allegations of fraud, deception, money laundering, fraudulent incorporation, payment or receipt of kickbacks, collusion, the provision or prescription of

medically unnecessary goods, services, or medications, the submission of allegedly fraudulent claims to any Plaintiff, the ownership or control of any professional corporation by laypersons, or any other illegal act or wrongdoing, expressed or implied, in the paragraphs designated as 12, 49, 148-53, 165-69, 203, and 214.

Furthermore, Defendants assert the following **DEFENSES**:

**One.** Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

**Two.** Plaintiffs failed to join parties required by Federal Rule of Civil Procedure 19.

**Three.** Plaintiffs' causes of action are barred, in whole or in part, by the doctrine of *res judicata*, claim preclusion.

**Four.** Plaintiffs' claims are barred, in part, by the doctrine of collateral estoppel, issue preclusion.

**Five.** Plaintiffs' recovery is barred, in whole or in part, by their failure to mitigate damages.

**Six.** Plaintiffs' alleged losses, liabilities, or other expenses, if any, were not directly or proximately caused by the conduct of the Defendants as alleged or otherwise.

**Seven.** Plaintiffs' injury, if any, in whole or in part, was the result of the intervening or superseding conduct of third parties.

**Eight.** Plaintiffs have failed to disclose a concrete financial loss, and thus Plaintiffs' injury, if any, is not compensable. Plaintiffs' recovery of damages is barred in whole or in part because Plaintiffs' alleged damages are speculative.

**Nine.** Plaintiffs' damages were caused, in whole or in part, by Plaintiffs' own negligence and/or the negligence of a third party.

**Ten.** Plaintiffs waived any and all claims they might have against Defendant.

**Eleven.** Plaintiffs' recovery is barred, in whole or in part, by the defense of release.

**Twelve.** Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover the damages alleged in the Complaint.

**Thirteen.** Defendants did not act with the requisite scienter or mens reas for actionable fraud.

**Fourteen.** Defendants did not act with the requisite scienter or mens rea for mail fraud.

**Fifteen.** Plaintiff did not rely on the statements and/or conduct of Defendant, and if it did, such reliance was not justifiable.  And if the reliance was justifiable, it was not to the detriment of Plaintiffs.

**Sixteen.** Any and all actions taken by Defendants with respect to any of the matters alleged in the Amended Complaint were taken in good faith and in accordance with established industry practice.

**Seventeen.** Plaintiffs' claims are barred by the equitable doctrines of laches.

**Eighteen.** Plaintiffs' remedies are limited to those provided by Article 51 of the New York State Insurance Law.

**Nineteen.** The United States Court for the Eastern District of New York lacks jurisdiction over Plaintiffs' claims.

**Twenty.** Plaintiffs' claims are subject to arbitration pursuant to No-Fault law and the Federal Arbitration Act.

**Twenty-one.** Plaintiffs' claims, in whole or in part, are barred by the doctrine of arbitration and award.

**Twenty-two.** Plaintiffs' claims are barred by Plaintiffs' failure to comply with New York's No-Fault laws, rules, and regulations, including, but not limited to, Insurance Law § 5106 and 11 N.Y.C.R.R. § 65.

**Twenty-three.** Defendants are not proper RICO Defendants and did not commit any act or omission giving rise to a valid cause of action under the RICO Act.

**Twenty-four.** Plaintiffs' claims are barred by the doctrine of participation and/or ratification because Plaintiffs ratified, approved, confirmed, and participated in the conduct forming the basis of Plaintiffs' Complaint.

**Twenty-five.** Plaintiffs' claims are barred by the doctrine of in pari delicto, as Plaintiffs bear at least substantially the same responsibility for any alleged losses as do Defendants.

**Twenty-six.** Plaintiffs' claims are barred to the extent that they have been set-off by any payment by any third parties of Plaintiffs' alleged damages.

**Twenty-seven.** Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

**Twenty-eight.** Plaintiffs fail to state a claim upon which relief can be granted.

6. Defendants answering herein also incorporate by reference, reiterate, and preserve any and all defenses put forth by co-Defendants in their respective Answers.

7. Defendants answering herein have not knowingly or voluntarily waived any applicable defenses, affirmative or otherwise, and reserve the right to assert and rely upon additional defenses as such arise, or become available or apparent as discovery progresses, during the course of this litigation.

8. Defendants answering herein assert that they currently lack any knowledge of any fraudulent or otherwise unlawful acts committed by any associate, employee, patient or agent of any Defendant. In the event such acts are discovered by Answering Defendants, Defendants answering herein reserve their

right to assert claims against such parties to indemnify themselves against such parties' unlawful or fraudulent actions, as such arise, or become available or apparent as discovery progresses, during the course of this litigation.

8. Defendants answering herein further deny each and every allegation not heretofore controverted, and demand strict proof thereof, including any paragraphs not designated above and any unnumbered paragraphs in the Complaint containing allegations against Defendant herein.

Dated: June 9, 2023

Respectfully submitted,

/s/_____

By: Nicholas Bowers, Esq.
Gary Tsirelman, P.C.
*Attorneys for Defendants Named Herein*
129 Livingston Street, 2nd Floor
Brooklyn, NY 11201
718- 438-1200 ext 118