

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

JOHN P. MULVANEY
(516) 357-3031
john.mulvaney@rivkin.com

November 3, 2023

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    Gov't Emps. Ins. Co. v. Bhargav Patel, M.D., et al.
         Docket No.: 1:23-cv-02835-KAM-PK

Dear Judge Matsumoto:

Plaintiffs ("GEICO" or "Plaintiffs") respectfully submit this letter to request a pre-motion conference in accordance with Rule 3.B. of Your Honor's individual rules. GEICO is prepared to promptly file a motion seeking to: (i) stay all pending No-Fault collection arbitrations before the AAA and all pending state court collection proceedings (currently, more than 600 actions) between GEICO and Patel Medical Care, P.C. ("Patel Medical"); and (ii) enjoin Bhargav Patel, M.D. and Patel Medical (collectively, "Defendants") from commencing any new No-Fault insurance collection arbitrations or lawsuits against GEICO. Notably, GEICO's proposed motion will be premised on the same grounds as in Gov't Emps. Ins. Co. v. Tolmasov, 602 F. Supp. 3d 380 (E.D.N.Y. 2022) - an analogous No-Fault insurance fraud case where Your Honor granted the same relief sought here.

GEICO commenced this action to terminate an egregious No-Fault insurance fraud scheme, whereby Defendants have used Patel Medical as a vehicle to submit massive amounts of fraudulent billing to GEICO for a variety of medically unnecessary, experimental, excessive, illusory, and otherwise not reimbursable healthcare services, which in many instances were never actually rendered to patients and were instead billed based on treatment records Patel Medical generated containing forged patient signatures. See D.E. 1 (Compl.) ¶¶ 1-5, 41-46. As a result, GEICO's Complaint seeks recovery of more than $711,000.00—that GEICO voluntarily paid in response to the fraudulent bills submitted by Patel Medical—through causes of action for civil RICO violations, common law fraud, and unjust enrichment. See D.E. 1 ¶¶ 286-312. In addition, the Complaint seeks a declaratory judgment that the Defendants have no right to receive payment on more than $2.2 million worth of outstanding and unpaid charges submitted to GEICO through Patel Medical. See id. ¶¶ 3, 278-85.

GEICO's Complaint sets forth in granular detail the Defendants' fraudulent scheme and the basis for GEICO's claims against the Defendants, which can be summarized as follows: (i) they misrepresented that the medical services were provided to certain patients, when, in reality, Patel Medical did not render services to such patients and instead submitted medical records with forged patient signatures (see D.E. 1 ¶¶ 41-46); (ii) to the extent any services were rendered, they misrepresented that Patel Medical's healthcare services were medically necessary, when, in fact, such services were rendered as a product of predetermined protocols designed to enrich Defendants (see D.E. 1 ¶¶ 70-253); (iii) they misrepresented


that Patel Medical's healthcare services were medically necessary, when such services were the product of unlawful kickback and referral arrangements with others who are not presently identifiable and provided pursuant to the dictates of laypersons; (see D.E. 1. ¶¶ 48-69); and (iv) they misrepresented that Patel Medical's healthcare services were rendered by Patel or Patel Medical's employees, when, in fact, many of Patel Medical's healthcare services were rendered by independent contractors, some of whom were not licensed in any healthcare profession (see D.E. 1. ¶¶ 254-265).

Plaintiffs are forced to bring this issue before the Court because Defendants' counsel did not respond to repeated requests from Plaintiffs asking Defendants to stipulate to a stay, despite advising Defendants of numerous decisions granting virtually identical requests in highly analogous No-Fault fraud cases (including at least three are well-reasoned decisions by Your Honor). See Tolmasov, 602 F. Supp. 3d 380 (Matsumoto, J.); Gov't Emples. Ins. Co. v. Wellmart RX, Inc., 435 F. Supp. 3d 443 (E.D.N.Y. 2020) (Matsumoto, J.); Gov't Emples. Ins. Co. v. Advanced Comp. Lab. LLC, Dkt. No. 1:20-cv-02391, 2020 WL 7042648 (E.D.N.Y. Dec. 1, 2020) (Matsumoto, J.).

Defendants should logically welcome the opportunity to have their collection proceedings adjudicated in a single forum since the individual bills at issue in the underlying collection proceedings are the very same bills that are at issue in GEICO's declaratory judgment claim in this case. However, Defendants' apparent refusal to stay is equally unsurprising and telling because, as alleged in the Complaint, Defendants' collection efforts are an extension of their fraudulent conduct. See D.E. 1 ¶ 8, 274-75. In keeping with that fact, Defendants filed almost all of the hundreds of collection actions *after* GEICO commenced the instant action, ostensibly for the purposes of: (i) collecting on their fraudulent charges; (ii) forcing GEICO to defend hundreds of costly collection proceedings in venues where Defendants know that GEICO will not be able to fully present the evidence of Defendants' fraudulent scheme; and (iii) attempting to remove the bills subject to the collections proceedings from the reach of this Court's jurisdiction.

Given the allegations in the Complaint and the fact that Defendants have filed more than 600 collections actions - each with the potential to undermine this Court's judgment - GEICO will readily demonstrate its entitlement to a stay. Indeed, this Court and others within this district have found that, in similar circumstances, plaintiff-insurers demonstrated irreparable harm warranting a stay because, absent a stay, the collection proceedings are a waste of time and resources and invite inconsistent judicial outcomes that can undermine a federal court's declaratory judgment when there is a pending federal action regarding the same claims. See, e.g., Tolmasov, 602 F. Supp. 3d 380; Gov't Emples. Ins. Co. v. Wallegood, Inc., 21-cv-1986, D.E. 36 (E.D.N.Y. July 16, 2021) (Chen, J.); Gov't Emps. Ins. Co. v. Beynin, 2021 U.S. Dist. LEXIS 57591 at *14-*15 (E.D.N.Y. March 25, 2021) (Gujarati, J.); State Farm Mut. Auto. Ins. Co. v. Parisien, 352 F. Supp. 3d 215, 223 (E.D.N.Y. 2018) (Glasser, J.). The irreparable harm here is further exacerbated by the fact that Patel Medical is still actively billing GEICO. Thus, absent an injunction, the threat of irreparable harm to GEICO is constantly being renewed, since each new bill submitted presents a new opportunity for Defendants to file a collection action with the potential to permanently deprive GEICO of its ability to pursue its declaratory judgment claim with respect to such bill.

Further, this Court recognized in Tolmasov that a stay of state court collections actions in a no-fault insurance fraud case fell within exceptions to the Anti-Injunction Act ("AIA") authorizing federal courts to grant such a stay when "necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 602 F. Supp 3d at 392; see also State Farm Mut. Auto. Ins. Co. v. Herschel Kotkes, M.D., P.C., 2023



Honorable Kiyo A. Matsumoto
November 3, 2023
Page 3 of 3

WL 4532460, at *12-*13 (E.D.N.Y. July 13, 2023) (Morrison, J.) (concluding that "in aid of jurisdiction" exception to AIA permitted stay of state court collections actions where "insurer-plaintiff has plausibly alleged a broad pattern of fraud in a defendant's no-fault insurance claims that are also the subject of dozens of state court actions" because the "pending state court actions have the potential to conflict with—and even render ineffective—the declaratory judgment"). So too here.

In sum, GEICO is entitled to stay for the same reasons articulated by Your Honor and numerous other judges within this district when granting virtually identical requests from plaintiff-insurers to stay collection arbitrations and lawsuits and to enjoin defendants from commencing new "No-Fault" arbitrations or lawsuits during the pendency of the federal actions. See Herschel Kotkes, M.D., P.C., 2023 WL 4532460; Tolmasov, 602 F. Supp. 3d 380; Gov't Emples. Ins. Co. v. Jonathan Landow, M.D., 2022 WL 939717 (E.D.N.Y. March 29, 2022) (Garaufis, J.); Wallegood, Inc., 21-cv-1986, D.E. 36; Gov't Emples. Ins. Co. v. Zilberman, 2021 WL 1164086 (E.D.N.Y. March 25, 2021) (Block, J.); Parisien, 352 F. Supp. 3d 215.  Accordingly, GEICO intends to file a motion seeking to stay all No-Fault insurance collection proceedings and enjoin Defendants from filing new collection arbitrations or lawsuits until the resolution of the instant federal action.

GEICO respectfully requests that a pre-motion conference be conducted at the Court's earliest convenience. GEICO proposes an expedited briefing schedule due to the nature of the pending motion with Plaintiffs having 20 days to file its motion, Defendants having 14 days to oppose, and Plaintiffs having 7 days to file any reply papers.

The Court's attention to this matter is appreciated.

                                                 Respectfully submitted,

                                                 RIVKIN RADLER LLP

                                                 */s/ John P. Mulvaney*

                                                 John P. Mulvaney

cc:      All counsel via ECF