UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GOVERNMENT EMPLOYEES INSURANCE CO., et al.,

                     Plaintiffs,

–against–

BHARGAV PATEL, M.D., et al.,

                     Defendants.

Case No.: 1:23-cv-02835-KAM-PK

# PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO STAY AND ENJOIN DEFENDANTS' COLLECTIONS PROCEEDINGS

Respectfully submitted,

RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556-0926
RR File No.:  005100-02814
Telephone:     (516) 357-3000
Facsimile:      (516) 357-3333

*Counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co.*

Of Counsel:
    Barry I. Levy, Esq.
    Michael A. Sirignano, Esq.
    Joshua D. Smith, Esq.
    John P. Mulvaney, Esq.

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT ....................................................................................................................................... 2

      I.     GEICO Has Sufficiently Demonstrated Irreparable Harm ..................................... 2

      II.    The Balance of Hardships Tips Decidedly in GEICO's Favor ............................... 7

      III.   The Anti-Injunction Act Does Not Prohibit the Relief Sought Herein ................... 9

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Allstate Ins. Co. v. E. Island Med. Care, P.C.,
    16-cv-2802 (JFB)(AKT), D.E. 106 (June 5, 2017) ...................................................................5

Allstate Ins. Co. v. Elzanaty,
    929 F. Supp. 2d 199 (E.D.N.Y. 2013) ......................................................................................3

Allstate Ins. Co. v. Harvey Family Chiropractic,
    677 F. App'x 716 (2d Cir. 2017) ...............................................................................................4

Allstate Ins. Co. v. Sky Radiology PC,
    23-cv-1832(ENV)(CLP), D.E. 37 (E.D.N.Y 2023) ..................................................................3

Allstate Ins. Co. v. Zelefsky,
    13-cv-5830 (JFB)(AKT), D.E. 66 (Apr. 2, 2014) .....................................................................5

Allstate v. Avetisyan,
    2018 U.S. Dist. LEXIS 222905 (E.D.N.Y. 2018) .....................................................................5

Gov't Emples. Ins. Co. v. Axial Chiropractic, P.C.,
    19-cv-5570, D.E. 56 (E.D.N.Y. Apr. 27, 2020) (Gold, J.) .......................................................3

Gov't Emps. Ins. Co. v. Ahmed,
    22-cv-1679, D.E. 38 (E.D.N.Y. Feb. 13, 2023) .......................................................................3

Gov't Emps. Ins. Co. v. Axial Chiropractic, P.C.,
    No. 19-CV-5570, D.E. 43 ...........................................................................................................9

Gov't Emps. Ins. Co. v. Beynin,
    19-cv-06118, 2021 WL 1146051 (E.D.N.Y. Mar. 25, 2021) ................................................3, 9

Gov't Emps. Ins. Co. v. Big Apple Med. Equipment, Inc. et al.,
    20-cv-05786, D.E. 52 (E.D.N.Y. Mar. 25, 2021) .................................................................3, 9

Gov't Emps. Ins. Co. v. Binns,
    22-cv-1553, 2022 WL 4539361 (E.D.N.Y. Sept. 28, 2022) .....................................................3

Gov't Emps. Ins. Co. v. Cean,
    2019 WL 6253804 (E.D.N.Y. November 22, 2019) ................................................................3

Gov't Emps. Ins. Co. v. Landow,
    2022 WL 939717 (E.D.N.Y. Mar. 29, 2022) ..................................................................3, 8, 10

Gov't Emps. Ins. Co. v. Mayzenberg,
　　2018 WL 6031156 (E.D.N.Y. November 16, 2018) ................................................................3

Gov't Emps. Ins. Co. v. Moshe,
　　2020 WL 3503176 (E.D.N.Y. June 29, 2020) ............................................................... 3, 4, 5

Gov't Emps. Ins. Co. v. N. Med. Care, P.C.,
　　20-cv-01214, 2021 WL 3848500 (E.D.N.Y. Aug. 27, 2021) ...................................................3

Gov't Emps. Ins. Co. v. Relief Medical, P.C.,
　　554 F. Supp. 3d 482 (E.D.N.Y. 2022) .....................................................................................3

Gov't Emples. Ins. Co. v. SMK Pharmacy Corp.,
　　21-CV-3247, 2022 U.S. Dist. LEXIS 31771, *18-21 (E.D.N.Y. Feb. 23, 2022) ....................9

Gov't Emps. Ins. Co. v. Tenenbaum,
　　22-cv-4543, 2023 WL 2734744 (E.D.N.Y. Mar. 31, 2023) .....................................................3

Gov't Emps. Ins. Co. v. Tolmasov,
　　602 F. Supp. 3d 380 (E.D.N.Y. 2022) (Matsumoto, J.) ...................................................9, 10

Gov't Emps. Ins. Co. v. Wallegood, Inc.
　　21-cv-01986 (PKC)(RLM), D.E. 36 (E.D.N.Y. July 16, 2021) ..................................5, 9, 10

Gov't Emps. Ins. Co. v. Wellmart, RX, Inc.,
　　435 F. Supp. 3d 443 (E.D.N.Y. 2020) .............................................................................4, 5, 6

Gov't Emps. Ins. Co. v. Zaitsev,
　　20-cv-03495, 2021 WL 3173171 (E.D.N.Y. July 27, 2021) ...................................................3

Liberty Mut. Ins. Co. v. Excel Imaging, P.C.,
　　879 F. Supp. 2d 243 (E.D.N.Y. 2012) .....................................................................................3

State Farm Mut. Auto. Ins. Co. v. Herschel Kotkes, M.D., P.C.,
　　2023 WL 4532460 (E.D.N.Y. July 13, 2023) ...............................................................5, 7, 10

State Farm Mutual Automobile Insurance Company v. Eclipse Medical Imaging,
　　P.C.,
　　2023 WL 7222827 (E.D.N.Y., November 2, 2023)(Merchant, J.) ...........................................7

United States v. Schurkman,
　　728 F.3d 129 (2d Cir. 2013) ...................................................................................................10

**Statutes**

28 U.S.C. § 2283 ................................................................................................................................10

Anti-Injunction Act ..................................................................................................................... 9-10

RICO ..................................................................................................................................... 4

**Other Authorities**

Fed. R. Civ. P. 65 ................................................................................................................ 1

## PRELIMINARY STATEMENT

Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company (collectively, "GEICO" or "Plaintiffs") respectfully submit this Reply Memorandum of Law in further support of their Motion for an Order, pursuant to Fed. R. Civ. P. 65 and the Court's inherent power, staying and enjoining Defendants Bhargav Patel, M.D. ("Patel") and Patel Medical Care, P.C.'s (collectively, "Defendants") from continuing to litigate their pending no-fault insurance collection proceedings and commencing new collection proceedings, pending the disposition of GEICO's declaratory judgment claim in this action.

The Defendants' Memorandum of Law in Opposition ("Def. Opp.") asks the Court to blindly ignore a significant body of caselaw, including several decisions issued by this Court, granting motions to stay No-Fault collections proceedings, casually dismissing these decisions as "adopt[ing] GEICO's dubious reasoning." See Def. Opp. at 7 (citing Gov't Emps. Ins. Co. v. Tolmasov, 602 F. Supp. 3d 380 (E.D.N.Y. 2022) (Matsumoto, J.)); see also Def. Opp. at 4 ("The cases relied upon by GEICO misconstrue [the irreparable harm] standard"), 18 ("Defendants disagree with the [decisions insofar as they grant] . . . injunctions . . . .").

As discussed below and in GEICO's motion in chief, nearly every Court in this District to consider the issue, including this Court, has found that the risks of res judicata, inconsistent decisions, and wasted time and resources as a result of defending hundreds of piecemeal collections proceedings (either standing alone or in combination) constitutes irreparable harm. Furthermore, Defendants do not contest in their opposing papers GEICO's likelihood of success on the merits, choosing instead to remain entirely silent in the face of GEICO's detailed allegations of fraud, including the forging of patient signatures, the billing for services never rendered, illegal kickback and referral arrangements, and the performance of medically unnecessary services.

Rather, Defendants attempt to obfuscate the issues at hand. For example, Defendants detail certain types of no-fault claim denials (none of which are at issue in this action) and then question how judgments on those issues would be inconsistent with an ultimate ruling on GEICO's declaratory judgment claim. See Def. Opp. at 13. Defendants fail, however, to mention that Plaintiffs' fraud allegations and Defendants' eligibility to collect no-fault benefits are issues actually present in both this federal action and the underlying collections actions and, therefore, there is a real risk of inconsistent decisions and that res judicata could remove certain claims from this Court's jurisdiction. See id.

For the reasons discussed in detail below, consistent with the overwhelming weight of authority in highly analogous no-fault insurance fraud cases, the Court should grant GEICO's request for a stay and injunction.

## ARGUMENT

**I.     GEICO Has Sufficiently Demonstrated Irreparable Harm**

GEICO's motion demonstrates that numerous federal and state courts, including this Court, have consistently concluded that, under analogous circumstances, allowing no-fault collections proceedings to proceed in piecemeal fashion could: (1) lead to decisions that might eventually be, at best, inconsistent with judicial rulings and, at worst, essentially ineffective to the extent that they undermine the Court's jurisdiction over a pending declaratory judgment action; and (2) waste considerable time, energy, and resources (for which money damages will be difficult or impossible to calculate and recoup), thus constituting the irreparable harm necessary to support a stay and injunction. See Plaintiffs' Memo. of Law in Supp. of Mot. to Stay and Enjoin ("P. Memo.") at 12.

2

That said, because this proposition is so well-settled in this District, GEICO's opening papers only cited a handful of the most recent and salient cases. There are many more.[1] See, e.g., Gov't Emps. Ins. Co. v. Tenenbaum, 22-cv-4543, 2023 WL 2734744 (E.D.N.Y. Mar. 31, 2023); Allstate Ins. Co. v. Sky Radiology PC, 23-cv-1832(ENV)(CLP), D.E. 37 at 5-6 (E.D.N.Y 2023); Gov't Emps. Ins. Co. v. Ahmed, 22-cv-1679, D.E. 38 (E.D.N.Y. Feb. 13, 2023); Gov't Emps. Ins. Co. v. Binns, 22-cv-1553, 2022 WL 4539361, at *1 (E.D.N.Y. Sept. 28, 2022); Gov't Emps. Ins. Co. v. Relief Medical, P.C., 554 F. Supp. 3d 482, 490 (E.D.N.Y. 2022); Gov't Emps. Ins. Co. v. Landow, 2022 WL 939717, at *14 (E.D.N.Y. Mar. 29, 2022); Gov't Emps. Ins. Co. v. N. Med. Care, P.C., 20-cv-01214, 2021 WL 3848500 (E.D.N.Y. Aug. 27, 2021); Gov't Emps. Ins. Co. v. Zaitsev, 20-cv-03495, 2021 WL 3173171 (E.D.N.Y. July 27, 2021); Gov't Emps. Ins. Co. v. Big Apple Med. Equipment, Inc. et al., 20-cv-05786, D.E. 52 (E.D.N.Y. Mar. 25, 2021); Gov't Emps. Ins. Co. v. Beynin, 19-cv-06118, 2021 WL 1146051, at *10 (E.D.N.Y. Mar. 25, 2021); Gov't Emps. Ins. Co. v. Moshe, 2020 WL 3503176 (E.D.N.Y. June 29, 2020); Gov't Emples. Ins. Co. v. Axial Chiropractic, P.C., 19-cv-5570, D.E. 56 (E.D.N.Y. Apr. 27, 2020) (Gold, J.), report and rec. adopted at D.E. dated July 29, 2020 (Vitaliano, J.); Gov't Emps. Ins. Co. v. Cean, 2019 WL 6253804 (E.D.N.Y. November 22, 2019); Gov't Emps. Ins. Co. v. Mayzenberg, 2018 WL 6031156 (E.D.N.Y. November 16, 2018); Allstate Ins. Co. v. Elzanaty, 929 F. Supp. 2d 199, 221 (E.D.N.Y. 2013); Liberty Mut. Ins. Co. v. Excel Imaging, P.C., 879 F. Supp. 2d 243 (E.D.N.Y. 2012).

In the face of this enormous body of caselaw supporting GEICO's position, Defendants unconvincingly argue that all these decisions are wrong. First, Defendants contend that any harm to GEICO can be remedied by money damages, but that is simply not true. As the caselaw make

---

[1] This is not intended to be an exhaustive list of all No-Fault fraud cases wherein courts have granted a motion to stay.

clear, the risk of inconsistent decisions from the pending collection actions is sufficient to demonstrate irreparable harm because such decisions have the potential to undermine GEICO's rights to have its fraud and RICO claims fully adjudicated in this Court, to remove such claims from this Court's jurisdiction, and to prevent any recovery by GEICO entirely through res judicata. Regarding the potential res judicata effect of the collections actions, Defendants unironically fault GEICO for relying solely on district court cases and providing no "appellate authority", while themselves failing to offer any case citations of any kind in support of their preferred outcome. See Def. Opp. at 13-14.

Second, in support of their irreparable harm arguments, the Defendants contend that Allstate Ins. Co. v. Harvey Family Chiropractic, 677 F. App'x 716 (2d Cir. 2017) precludes a finding of irreparable harm. Again, this argument has been repeatedly raised and rejected under highly analogous circumstances, including by this Court, because the harm raised by GEICO here – the risk of inconsistent judgments – is different from the harm cited by the Second Circuit in Harvey (namely, only financial harm):

> Defendants cite Allstate Ins. Co. v. Harvey Family Chiropractic, 677 F. App'x 716 (2d Cir. 2017) in arguing that "mere injuries ... in terms of money, time and energy" do not rise to irreparable harm. However, Harvey does not preclude granting an injunction to avoid inconsistent judgments. See Gov't Emps. Ins. Co. v. Wellmart, RX, Inc., 435 F. Supp. 3d 443, 451 (E.D.N.Y. 2020) ("[T]he Second Circuit [in Harvey] said nothing of the risk of inconsistent judgments."); see also 2d Cir. Local R. 32.1.1(a) ("Rulings by summary order do not have precedential effect.").

Gov't Emps. Ins. Co. v. Moshe, 20-cv-1098, 2020 WL 3503176, at *2 (E.D.N.Y. June 29, 2020).

Defendants try to get around the plain language of Harvey by telling the Court it should incorporate arguments from the insurer-appellant's brief into the Harvey summary order. See Def. Opp. at 15-18. Even if the summary order had precedential effect, Defendants provide no basis for this Court to read more into the summary order than what the Second Circuit wrote. Moreover,

4

Defendants' opposition makes no attempt to address the concern this Court raised regarding whether Harvey could be applied to other cases at all. See Wellmart RX, Inc., 435 F. Supp. 3d at 451 ("Harvey's limited discussion of the underlying facts deprives the court of the ability to meaningfully compare Harvey to the present circumstances."). In any event, Defendants do not address or attempt to distinguish the numerous cases thathave been decided after Harvey that have found irreparable harm resulting from the risk of inconsistent decisions.

Third, Defendants rely on Allstate v. Avetisyan, 2018 U.S. Dist. LEXIS 222905 (E.D.N.Y. 2018), Allstate Ins. Co. v. E. Island Med. Care, P.C., 16-cv-2802 (JFB)(AKT), D.E. 106 (June 5, 2017), and Allstate Ins. Co. v. Zelefsky, 13-cv-5830 (JFB)(AKT), D.E. 66 (Apr. 2, 2014) as examples where courts have denied a requested injunction. Yet Defendants make no attempt to analogize these cases to the instant one, nor do they provide any explanation for why the Court should follow these cases. In any event, like with Harvey, this Court has already addressed and rejected similar requests to follow these cases in Wellmart, RX, Inc., and Defendants have provided no reason as to why it should not do so again here.

Indeed, Avetisyan has been distinguished multiple times by Judges in this District. See e.g., Wellmart RX, supra, at 451-452 (E.D.N.Y. 2020); Moshe, supra at *fn. 3; Gov't Emps. Ins. Co. v. Wallegood, Inc. 21-cv-01986 (PKC)(RLM), D.E. 36, at 11 (E.D.N.Y. July 16, 2021); State Farm Mut. Auto. Ins. Co. v. Herschel Kotkes, M.D., P.C., 2023 WL 4532460, at *27-*28 (E.D.N.Y. July 13, 2023). In Avetisyan, Judge Hall found no risk of inconsistent decisions because Allstate's federal court complaint focused only on coding issues and did not challenge medical necessity, as it did in the underlying collections proceedings. 2018 U.S. Dist. LEXIS 222905, at *8-14. By contrast, GEICO's Complaint against Defendants and its defenses in the underlying collections cases involve the lack of medical necessity. See D.E. 1 (Compl.), passim; P. Memo., passim.

5

And as this Court found in Wellmart RX, Inc., neither of the unpublished decisions in Zelefsky or Eastern Island explain the basis for finding no irreparable harm. Wellmart RX, Inc., 435 F. Supp. 3d at 452 ("The court is unable to discern the specific basis for Judge Bianco's conclusion that Allstate was not at risk of irreparable harm, and thus the Zelefsky and Eastern Island decisions do not color this court's analysis. Moreover, unlike the cases before Judge Bianco, plaintiffs in the instant action have presented evidence that money damages are not likely to be sufficient, much less available, if plaintiffs prevail.").

Finally, Defendants argue that GEICO is not at risk of suffering irreparable harm because it can consolidate the collections actions in state court and then seek to vindicate its fraud claims in a consolidated action. This argument is misguided for several reasons. For one, GEICO has sufficiently demonstrated irreparable harm, while Defendants' contentions regarding GEICO's ability to consolidate all the state court cases is speculative, a red herring and disingenuous considering that Defendants and their counsel are now asking the Court to ignore the irreparable harm that they themselves created. Indeed, these are the same Defendants and the very same counsel that filed the more than 600 separate collections actions against GEICO in Civil Court Richmond County beginning in June 2023 – this was well after Defendants were served with the complaint including the claim for declaratory judgment and their counsel had appeared in this action. See D.E. 9-10 (Affidavits of Service) and D.E. 11 (May 22, 2023 Notice of Appearance). As GEICO has pleaded in its Complaint, the "mass filing" of collection cases (and in a jurisdiction having no relationship to Defendants or where the Fraudulent Services were rendered) is simply part of the fraudulent scheme. See Complaint, D.E. 1 at ¶¶ 49, 54 (locations in Nassau/Queens County where Defendants located, and services allegedly performed) and ¶¶ 274-275 (describing piecemeal litigation being part of the scheme against GEICO). The record here actually proves

out those allegations. As Defendants' counsel is aware, this argument has been raised and rejected in State Farm Mut. Auto. Ins. Co. v. Parisien and Defendants have offered no reason why this Court should not follow this precedent. 352 F. Supp. 3d 215, 229 (E.D.N.Y. 2018). This is not surprising because Defendant's counsel here ignored the federal compulsory counterclaim requirements and filed the individual lawsuits "en masse" in a remote civil court to undermine the declaratory judgment claim and rush the cases to a res-judicata posture in a forum where there is a limited ability for ordinary discovery. See, e.g., State Farm Mutual Automobile Insurance Company v. Eclipse Medical Imaging, P.C., 2023 WL 7222827 at * 8-9 (E.D.N.Y., November 2, 2023)(Merchant, J.)[2]; Kotkes, M.D., P.C., supra, 2023 WL 4532460, at *9-10 (risk of inconsistent judgment is significant, recognizing that state court cases are "rarely consolidated" and "discovery is limited or non-existent.")

Accordingly, GEICO has demonstrated that the risk of inconsistent decisions constitutes irreparable harm, which is further bolstered by the waste of time, energy, and resources inherent in having to defend over 600 parallel collections proceedings.[3]

**II.    The Balance of Hardships Tips Decidedly in GEICO's Favor**

As set forth in Plaintiffs' opening papers, numerous courts have concluded that the balance of hardships tips in the plaintiff-insurer's favor, considering that it would be most efficient to have the question of the defendant healthcare providers' entitlement to no-fault insurance benefits

---

[2] Notably, Defendants' counsel in this case was also counsel to the defendants in Eclipse Medical Imaging, P.C., but makes no reference or attempt to distinguish this decision on this issue in the opposing papers served on December 15, 2023.

[3] As Defendants concede in their opposition, the Second Circuit has "upheld an award of injunctive relief where a movant claimed money damages that were hard to measure plus irreparable harm." So too here. Of course, the Court can also decline to analyze the specific weight to accord wasted time, energy, and resources in the irreparable harm analysis because, as mostly recently held by Judge Morrison in Kotkes, M.D., P.C., supra, the risk of inconsistent decisions alone constitutes irreparable harm.

resolved in a single action rather than in a multitude of individual arbitrations, and the defendant healthcare providers would be entitled to a high rate of statutory interest on their no-fault claims if they prevailed. See, e.g., Landow, supra, at *40-41. Defendants do not make any attempt to distinguish this Court's decision in Landow, or any of the authorities raised in Plaintiffs' opening papers on the balance of hardships issue.

Instead, Defendants wrongly suggest that GEICO's position is that this action will fully adjudicate the claims subject to Defendants' collections proceedings. See Def. Opp. at 6-7. Nevertheless, Defendants' opposition correctly cites GEICO's position that "Defendants will suffer no hardship if their right to collect on their pending billing is adjudicated in a single, efficient declaratory judgment action." See id. at 6. In other words, in both this action and in the hundreds of pending collection proceedings, there are live issues as to whether Defendants are eligible to collect no-fault benefits due to the behavior alleged in GEICO's Complaint.

Defendants also contend, in conclusory fashion, that if the Court stays the Defendants' collections, the underlying GEICO insurance policies may be exhausted by other claims from other healthcare providers during the pendency of any stay, leaving the Defendants unable to collect on their allegedly fraudulent claims when and if any stay ultimately is lifted. See Def. Opp. at 20-21. However, the Defendants do not identify any specific no-fault insurance claims that actually might be rendered uncollectable as the result of any policy exhaustion during the pendency of any stay. What is more, the Defendants never explain why, even if some completely unspecified GEICO no-fault insurance policies were exhausted during a stay of the Defendants' collections, they could not simply collect on their claims from other payors (including their patients' private health insurance plan, Medicare, or Medicaid), or assert a lien against any recovery realized from a personal injury lawsuit by the patient against a third-party.

Accordingly, the Defendants' contentions regarding the supposed exhaustion of GEICO insurance policies during the pendency of any stay – and the purported impact of any such exhaustion on the Defendants' business – are insufficient to demonstrate that the balance of hardships tips in their favor. In fact, Courts adjudicating similar motions to stay have discounted similarly conclusory arguments regarding the possible exhaustion of benefits. See, e.g., Wallegood, supra, at *18-19 (citing Moshe, supra, at *7) (rejecting identical argument that "GEICO's policies will be exhausted during the pendency of this action, preventing defendants from recovering if they prevail" and finding that "this argument is speculative at best considering defendants do not identify any policies nearing exhaustion.").[4] Further, as stated by this Court in Wallegood and applicable in the current case, the Defendants – like the defendants in Wallegood – do not point to any court that has accepted such a theory of hardship on the basis of insurance policy limit exhaustion. See id. at *19.

At bottom, the balance of equities clearly tips in GEICO's favor as it is far more efficient to have the question of Defendants' entitlement to no-fault insurance benefits resolved through this action rather than in hundreds of pending individual collection proceedings as well as additional collection proceedings in the future. See, e.g., Tolmasov, supra at 392; Gov't Emples. Ins. Co. v. SMK Pharmacy Corp., No. 21-CV-3247 (AMD) (RLM), 2022 U.S. Dist. LEXIS 31771, *18-21 (E.D.N.Y. Feb. 23, 2022); Beynin, supra, at *25-28; Wellmart, Rx, Inc., supra, at 455; Big Apple Med Equipment, Inc., supra, at 20.

### III. The Anti-Injunction Act Does Not Prohibit the Relief Sought Herein

As previously noted, Defendants filed over 600 new state civil court suits shortly after

---

[4] See also Gov't Emps. Ins. Co. v. Axial Chiropractic, P.C., No. 19-CV-5570, D.E. 43 at 8-9; D.E. 56 at 18-19 (finding that equities favored a stay even though defendants argued that GEICO's requested stay of their no-fault collections would "effectively bar defendants from receiving payment for services [they] rendered" and thereby cause "immeasurable harm to their business").

9

GEICO filed the Complaint in this action. Defendants are plainly attempting to undermine this Court's jurisdiction and ability to adjudicate the parties' disputes. Defendants' egregious behavior is exactly why the Court should stay the state court suits under the exception to the Anti-Injunction Act ("AIA") - as "necessary in aid of its jurisdiction" and "to protect or effectuate its judgment." 28 U.S.C. § 2283.  See Tolmasov, 602 F. Supp. 3d at 392.

In opposition to Plaintiffs' Motion, Defendants completely fail to engage with the numerous cases in this District holding that a stay of state court collections cases is proper and necessary pending the disposition of a federal declaratory judgment claim, including this Court's decision in Tolmasov. See Def. Opp. at 21-23. Rather, Defendants simply argue that the District Courts got it wrong and failed to properly consider the Second Circuit's decision in United States v. Schurkman, 728 F.3d 129 (2d Cir. 2013), despite the fact that many of these Courts cited and fully considered Schurkman. See, e.g., Kotkes, M.D., P.C., supra, at *12-13; Landow, supra, at *42; Wallegood, supra, at 16. In short, Defendants have provided no cogent reason for this Court to deviate from the reasoning it set forth in Tolmasov.

At bottom, there is a clear and obvious negative impact on this Court's jurisdiction and the adjudication of GEICO's declaratory judgment claim from Defendants' filing of hundreds of collection proceedings while the federal action is ongoing. Absent a stay of the collection cases, and an opportunity to demonstrate the patterns across claims, GEICO will for practical purposes be deprived of its day in court.

## **CONCLUSION**

For the reasons stated herein, GEICO's motion should be granted in its entirety, together with such other and further relief as to the Court may seem just and proper.

Dated: December 22, 2023
     Uniondale, New York

                                RIVKIN RADLER LLP

                                By:   /s/ *John P. Mulvaney*
                                    Barry I. Levy, Esq.
                                    Michael A. Sirignano, Esq.
                                    Joshua D. Smith, Esq.
                                    John P. Mulvaney, Esq.
                             926 RXR Plaza
                             Uniondale, New York 11556
                             (516) 357-3000

                             *Counsel for Plaintiffs Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company and GEICO Casualty Company*

4857-0379-1256, v. 7

11